UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEMORIAL HERMANN HOSPITAL SYSTEM, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-3718 |
| | § | |
| MANUAL AMARO AND | § | |
| NEW TEX PLUMBING, LTD., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the motion to dismiss of third party defendant Humana Insurance Company ("Humana"). Dkt. 2. Defendant New Tex Plumbing, Ltd. ("New Tex") filed a third party petition against Humana in state court alleging negligent misrepresentation and breach of contract under the state common law.[1] Humana promptly removed the entire case to this court. Dkt. 1. The same day, Humana moved to dismiss New Tex's claims for failure to state a claim pursuant to Federal Rule of Procedure 12(b)(6). Dkt. 2. New Tex has not responded. Under the Local Rules of the Southern District of Texas Humana's motion will be treated as unopposed. S.D. TEX. LOC. R. 7.4.

Humana asserts that New Tex's state law claims are preempted by ERISA. State law claims are preempted when they "relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144(a). A law may be "related to" a benefit plan if it has a connection to or references a plan. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S. Ct. 478 (1990). Under the Supreme

---

[1] In the underlying lawsuit, plaintiff Memorial Hermann Hospital System ("Memorial Hermann"), after Humana denied its claim for reimbursement, sued New Tex and Manual Amaro, New Tex's former employee. Memorial Hermann alleged that Humana denied coverage for medical care provided to Amaro as a result of the negligence of New Tex and Amaro, and sought to recover the cost of the medical care.

Court's broad common sense definition "a state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect."  *Id.*  However, a state law that "regulates insurance, banking, or securities" is not preempted under ERISA's savings clause.  *Id.*; 29 U.S.C. § 1144(b).

New Tex's state law claims against Humana are preempted by ERISA. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63, 107 S. Ct. 1542 (1987).  This lawsuit "relate[s] to [an] employee benefit plan." 29 U.S.C. § 1144(a). It is based upon common law of general application that is not a law regulating insurance. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-51, 107 S. Ct. 1549 (1987).  Accordingly, New Tex's third party claims are preempted by § 514(a) and are not saved by § 514(b)(2)(A).[2]  *Id.* at 48.

Moreover, as a suit by a participant or beneficiary to recover benefits from a covered plan, it falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes.[3]  *Id.* at 56.  "Section 502, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief." *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999); *Neumann v. AT&T Commc'ns, Inc.*, 376 F.3d 773, 779 (8th Cir. 2004). "In other words, if an individual, at some point in time, could have brought his claim under [ERISA § 502], and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA [§ 502]." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210, 124 S. Ct. 2488 (2004).  New Tex's rights

---

[2]   29 U.S.C. § 1144(b)(2)(A) ("Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.")

[3]   Complete preemption permits removal to federal court because the cause of action "arises under" federal law.  *See Giles*, 172 F.3d at 337.

are derived entirely from the particular rights and obligations established by the ERISA benefit plan.[4] Its claims are completely preempted by ERISA.

For the forgoing reasons, Humana's motion to dismiss is GRANTED. Accordingly, New Tex's third party petition against Humana is DISMISSED with prejudice. Furthermore, because the claims in the third party petition were separate and independent from Memorial Hermann's claims against New Tex and Amaro, the remainder of the case is REMANDED to County Court at Law No. 2 of Montgomery County, Texas.[5]

It is so ORDERED.

Signed at Houston, Texas on December 4, 2007.

_____
Gray H. Miller
United States District Judge

---

[4] Humana contends that the group health insurance coverage it issued to New Tex is governed by ERISA. Because New Tex failed to dispute the contention, the plan is deemed governed by ERISA.

[5] "Where a district court has taken removal jurisdiction over cases involving multiple claims, 28 U.S.C. § 1441(c) allows the court to sever and remand separate and independent claims in which state law predominates." *Anderson v. Red River Waterway Comm.*, 231 F.3d 211, 214 (5th Cir. 2000); *see also* 28 U.S.C. § 1441(c) ("Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."); *Hook v. Morrison Milling Co.*, 38 F.3d 776, 786 (5th Cir. 1994).